UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES TAYLOR | CIVIL ACTION |
| VERSUS | NO. 07-1277 |
| BURL CAIN, WARDEN | SECTION "K"(4) |

## ORDER AND OPINION

This Court, having considered the petition, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the objections to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its own opinion.

The Magistrate Judge recommended dismissing James Taylor's petition for *habeas corpus* relief pursuant to 28 U.S.C. §2254 as time barred. Petitioner objects to the Magistrate Judge's Report and Recommendation contending that because Louisiana law establishes a two-year limitation period for filing a state *habeas corpus* claim that the one-year limitation period of 28 U.S.C. §2244(d)(1) should be tolled for the period between the date his conviction became final and the date he filed his first petition for state *habeas corpus* relief, assuming he timely filed his petition for state *habeas corpus* relief. The gravamen of petitioner's contention appears to be that the limitation period of §2244 unconstitutionally denies "full faith and credit" to the two year limitation period for filing state *habeas* petitions established in Article 930.8 of the Louisiana Code of Criminal Procedure. Petitioner's contention lacks merit.

The conflict between the length of the limitation period under §2244 and the two-year limitation period under Louisiana law does not render the federal limitation period unconstitutional,

and does not entitle petitioner to the relief requested. *See generally Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Ellis v. Martin*, 1999 WL 110241 at *3 (10th Cir. 1999). Moreover, the Full Faith and Credit Clause of the Constitution, U.S. Const. art. IV, §1, is not implicated by the difference between Louisiana's two-year limitation period and the shorter limitation period of §2244. The federal limitation period in no way impacts the determination of whether an individual timely filed an application for state *habeas corpus.* Accordingly,

**IT IS ORDERED** that the federal petition of **James Taylor** for *habeas corpus* relief is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 29th day of May, 2009.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**